UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VEARD & LOWE INVESTMENTS, INC., | ) | |
| | ) | Case No. 1:08-CV-2074 |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| DESANTO REALTY GROUP, LLC. et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is plaintiff Veard & Lowe Investments' ("Veard & Lowe") motion to remand to the Cuyahoga County, Ohio Court of Common Pleas. [doc. 7]  For the following reasons, the court grants Veard & Lowe's motion to remand.

## I.    BACKGROUND

Veard & Lowe filed its complaint in the Cuyahoga County, Ohio Court of Common Pleas on August 1, 2008 against ten named defendants for breach of contract and unjust enrichment.[1] [doc. 1-2]  On August 28, 2008, the defendants filed their notice of removal in this court, asserting this court's diversity jurisdiction.  28 U.S.C. § 1332. [doc. 1]

Veard & Lowe is a citizen of Ohio.  DRG Hunter's Chase, LLC and DRG Hunter's Chase RI, LLC (collectively the "Ohio DRG Companies") are Ohio companies with their principle places of business in Pennsylvania. [doc.1].  The remaining eight named defendants are incorporated or have their principle places of business outside of Ohio. [doc. 1]  The defendants' notice of removal claims that

---

[1] The named defendants are: (1) DeSanto Realty Group, LLC; (2) DRG Hunter's Chase, LLC; (3) DRG Hunter's Chase RI, LLC; (4) DRG Property Management Co., LLC; (5) DRG Perry's Crossing, LLC; (6) DRG Perry's Crossing RI, LLC; (7) DRG Hendersonville, LLC; (8) DRG Hendersonville RI, LLC; (9) DRG Clear View, LLC; and (10) DRG Clear View RI, LLC.

"Plaintiff fraudulently joined the Ohio DRG Companies as defendants, and their citizenship may therefore not be considered for the purposes of determining jurisdiction . . . because there is no possibility that Plaintiff can recover against the Ohio DRG Companies." [doc. 1]   The amount in controversy exceeds $75,000.

Subsequently, Veard & Lowe filed its motion to remand, on the grounds that its complaint asserts a colorable cause of action against the Ohio DRG Companies. [doc. 7]  Defendants filed their response, [doc. 9] and Veard & Lowe filed their reply. [doc. 10]

**II.    DISCUSSION**

Any civil action brought in state court may be removed from the state court to a federal district court where the latter would have had original jurisdiction**.** 28 U.S.C. § 1441. Diversity of citizenship is one source of original jurisdiction where "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 492 (6th Cir. 1999).  When an action is removed based on diversity, as it is in this case, the court must first determine whether complete diversity exists at the time of removal.[2]  *Id.*

Fraudulent joinder is an exception to the complete diversity rule where a colorable cause of action does not exist against non-diverse defendants under state law.  *Id.*  To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendants under state law." *Id*. at 493.  "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the court] must remand the action to state court."  *Id.*  The question before the court is not whether Veard & Lowe will prevail at trial, only whether viewing all facts or ambiguities in favor of the non-removing party, there is a

---

[2] This court's diversity jurisdiction is the only possible source of jurisdiction in this case.

colorable cause of action in state court.

The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party.  Furthermore, all doubts as to the propriety of removal are resolved in favor of remand.  *Id.*  "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given [a motion to dismiss] under Rule 12(b)(6)." *Little v. Purdue Pharma, LP*, 227 F.Supp.2d 838, 846 (S.D. Ohio 2002).  A plaintiff's motive in joining non-diverse defendants is immaterial to determining whether joinder was fraudulent.  *Jerome-Duncan, Inc. V. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).  The party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Id.*, at 493.

Veard & Lowe's complaint is based on Ohio state law, and the court looks to the law of that state to determine whether the Ohio defendants were fraudulently joined.  *Jerome-Duncan*, 176 F.3d at 907. The complaint, as originally filed in state court, alleges that (1) "DeSanto Realty breached its duty to V&L under the Acquisition Services Agreement," and (2) "based on information and belief, DeSanto Realty has absolute control over DRG Companies which DeSanto has exercised in such a manner as to cause injury and unjust lost for the Plaintiff and unjust enrichment for Defendants who would not otherwise have purchased the respective four properties." [doc. 1-2, at ¶¶ 11, 15]

Thus, Veard & Lowe assert a claim of unjust enrichment against the two non-diverse parties - the Ohio DRG Companies.  The defendants contend that Veard & Lowe cannot recover under the unjust enrichment claim.[3]

Under Ohio common law, a claim of unjust enrichment is established by proof of the following

_____

[3] The court does not address the breach of contract claim because it is not against a non-diverse defendant and therefore not material to the issues of this court's diversity jurisdiction and fraudulent joinder.

-3-

elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambelton v. R.G. Carry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298 (1984).  Unjust enrichment, in Ohio, is an equitable doctrine that "operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another." *Turner v. Langenbrunner*, App. No. CA2003-10-099, 2004-Ohio-2814 (12th Dist. 2004).

As alleged in the complaint, Veard & Lowe entered into a contract with DeSanto Realty with the Acquisition Services Agreement.  Neither of the Ohio DRG Companies were part of that Agreement, although Veard & Lowe's services appear to have conferred a benefit upon the Ohio DRG Companies by locating a property that it now owns.  The defendants assert that "V&L has not established any knowledge on the part of the Ohio DRG Companies of any benefit allegedly conferred by Plaintiff." [doc. 9, at 8]  This assertion does not appear to meet even the laugh test.  The Ohio DRG Companies are wholly-owned subsidiaries of DeSanto Realty; similarly, the Ohio DRG Companies have the same "management team" as DeSanto Realty.  The Ohio DRG Companies had the same knowledge of the Agreement(s) and benefits conferred as did DeSanto Realty.  Finally, the Ohio DRG Companies are alleged to retain the benefit of Veard & Lowe's service without payment, separate and apart from the contractual agreement between Verad & Lowe and DeSanto Realty.

Accordingly, the court finds that Veard & Lowe has made a colorable claim of unjust enrichment against the Ohio DRG Companies.

At this stage of the litigation, the court cannot find with any degree of certainty that Veard & Lowe has failed to state a colorable cause of action against the Ohio DRG Companies.  Removal statutes

-4-

are strictly interpreted and any doubts are construed against removal.  This is not to say that Veard & Lowe will recover against the Ohio DRG Companies, only that they could recover after discovery and the relevant facts are brought to light.

**III.** **CONCLUSION**

For the above reasons, the motion to remand [doc. 7] is granted.

IT IS SO ORDERED.

                       /s/ Ann Aldrich
                      ANN ALDRICH
                      UNITED STATES DISTRICT JUDGE

**Dated: February 6, 2009**